**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMES POWELL, | **Hon. Jerome B. Simandle** |
| Petitioner, | Civil No. 13-2781 (JBS) |
| v. |  |
| UNITED STATES OF AMERICA, | **OPINION** |
| Respondent. |  |

**APPEARANCES**:

    JAMES POWELL
    600 Sykesville Road
    Williamstown, NJ 08094
    Petitioner Pro Se

**SIMANDLE, Chief Judge**:

James Powell, a federal inmate confined at CCM Philadelphia, filed a document seeking release from imprisonment, which he labeled "Emergency Relief Action Motion to strike defendants claim, dismiss all actions, Release plaintiff (human body) From all forms of imprisonment Probation/parole." (ECF No. 1 at p. 1.) This Court construes Powell's submission as a challenge to the sentence of imprisonment and supervised released imposed on December 17, 2002, and amended on July 28, 2009, by Senior United States District Judge Malcolm J. Howard in the United States District Court for the Eastern District of North Carolina, after Powell pled guilty to conspiracy to distribute and possess with intent to distribute cocaine base,

contrary to 21 U.S.C. § 846.  See United States v. Powell, Crim. 01-0295-H order (E.D. N.C. July 28, 2009).  Having thoroughly reviewed Powell's submissions, as well as the docket in the underlying criminal proceeding, this Court will dismiss the application for lack of jurisdiction.

**I.   BACKGROUND**

On January 7, 2002, Powell pled guilty to conspiracy to distribute and possess with intent to distribute cocaine base, see 21 U.S.C. § 846, and criminal forfeiture, see 21 U.S.C. § 253.  On December 17, 2002, Judge Howard sentenced Powell to 200 months in prison and five years of supervised release.  On November 18, 2003, Powell filed a motion to vacate the sentence under 28 U.S.C. § 2255, and on April 29, 2004, Judge Howard dismissed the motion.  On December 29, 2004, the Fourth Circuit denied a certificate of appealability. See United States v. Powell, 117 Fed. App'x 117 (4th Cir. 2004).  Powell filed various other motions challenging his sentence, such as a motion to alter the judgment and a motion to amend, which Judge Howard denied.  However, on July 28, 2009, Judge Howard granted Powell's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), and reduced his term of imprisonment from 200 months to 162 months.

Powell, who is now incarcerated at a residential reentry center in Philadelphia, is scheduled to be released on August 25, 2013.   See

2

Federal Bureau of Prisons, Inmate Locator,

http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=19898-056&x=0&y=0 (May 8, 2013). He signed this petition on April 25, 2013, and provided to the Clerk an address in Williamstown, New Jersey. The emergency relief petition states:

> Comes now, James Devon Powell, hence forth plaintiff asking this court under civ. Rule 65.1 applications for emergency relief should not be immediately granted.
>
> The plaintiff a man born of God, in the form of human flesh respectfully moves this court to grant the above said motion and give the relief sought. The court of Judge Malcolm Howard and the United States of America . . . based on the commercial and contractual documents filed with these entities under the rules and regulations set forth by the government and its constitution and articles, do not have any legally binding contract in which obligates the body of James D. Powell or any fictional name they so give to any further bondage or servitude . . .
>
> The plaintiff having served by registered U.S. Postal Mail . . . Secretary of the Treasury [ ] Affidavits of Commercial Notice, i.e. Registered Private Offset Bond . . . , and Registered Bonded Promissory Note . . .
>
> The plaintiff also filed and sent Uniform Commercial code financing statements UCC1 and UCC1 addendums from the states of Georgia and Maryland (international), also UCC-207 secured party, Power of Attorney, Common Law Copyright Notice . . . these documents all commercially trans active, legislated by administrative law are systematically ruled for commercial transactions between nations, stated and individuals.
>
> The plaintiff having also submitted Release of Lien on Real Property and Release of Personal Property from Escrow (the body of James Devon Powell) are all relative to real property under the Uniform Commercial Code.

> Under Articles of the United States of America, Maritime
> Law, and the Governments USC charging apparatus all crimes
> are commercial . . .
>
> The plaintiff wishes this court notices that NOTICES THAT
> under these laws, regulations, articles, statutes etc. the
> plaintiff put forth his commercial and administrative
> remedies so ignored by the North Carolina Court . . .
>
> James Devon Powell, having as usual no action taken, legal
> filings, not filed, trashed or swept under the rug to cover
> up the corrupt actions of the United States District Court
> of the Eastern District of North Carolina and a Judge on
> record as being adversarial in open court per witness
> notarized court docketed statements, plaintiff having
> been legally transferred to this district and a legalized
> resident of the State of New Jersey seeks to be heard by
> this court.
>
> The plaintiff ask for a show cause order to issue, showing
> why the relief sought of any and all obligations to the
> sentence handed down by Judge Malcolm Howard, plaintiff
> immediately released from all forms of probation, parole,
> imprisonment, fines, strike all claims, and dismiss all
> actions against plaintiff James Devon Powell, any form or
> derivative of his name created by the United States of
> America or its entities, and release of plaintiffs human
> body and flesh from bondage and servitude should be given
> by this court from any and all warehousing facilities and
> tentacles of the United States of America and the United
> States Justice Department.

(ECF No. 1 at 1-2.)

Powell attached various documents to the petition. The first attachment is a "<u>NOTICE</u> REQUEST MEMORANDUM" in which Powell asks this Court "to act upon the legal documents herein, and release my person, a real live human being, from the Custody of any and all forms of prisons, parole, probation, incarceration imposed upon myself . .

4

. and any all forms of incarceration imposed by The U.S. Justice Department, Judge Malcolm Howard, The United States Government, or any entity, thereof, concerning contract number 5:01-CR-295-1H." (ECF No. 1 at 3.) Various other documents signed by Powell are also attached, including Registered Private Offset Bond, Registered Bonded Promissory Note, UCC Financing Statement and Addendum, releases, limited power of attorney, common law copyright notice, affidavit of truth in commerce in support of common law copyright notice, and an unspecified notice. (ECF No. 1 at 5-34.)

## II. DISCUSSION

Powell seeks release from incarceration pursuant to a federal criminal sentence which was entered in the United States District Court for the Eastern District of North Carolina. A challenge to the validity of a federal conviction or sentence must generally be brought in the sentencing court pursuant to 28 U.S.C. § 2255.[1] See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Although 28 U.S.C. § 2241 provides that the writ of habeas corpus may extend to a prisoner who "is in

---

[1] "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

5

custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), 28 U.S.C. § 2255(e) prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e);[2] see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954). Thus, "[i]n a case where the Section 2255 procedure is shown to be 'inadequate or ineffective,' the Section provides that the habeas corpus remedy shall remain open to afford the necessary hearing." United States v. Hayman, 342 U.S. 205, 223 (1952).

Because this Court did not impose the sentence which Powell challenges in his submission, this Court lacks jurisdiction to entertain his challenge to that sentence under § 2255.[3] See Hill v. United States, 368 U.S. 424, 427 (1962) ("Suffice it to say that it

---

[2] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

[3] Moreover, since the sentencing court previously denied Powell's § 2255 motion, that court would lack jurisdiction over any second or successive § 2255 motion in the absence of authorization from the Fourth Circuit. See 28 U.S.C. 2255(h).

6

conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined.")

This Court also lacks jurisdiction over Powell's challenge to his detention and sentence under 28 U.S.C. § 2241. First, because a habeas corpus action under § 2241 "must be brought in the district of confinement," Hayman, 342 U.S. at 213, this Court lacks jurisdiction under § 2241, insofar as Powell was not detained within the jurisdiction of the District of New Jersey when he brought this application for release. Second, even if Powell were detained within this Court's jurisdiction, this Court would lack jurisdiction over his application because a § 2255 motion is not an inadequate or ineffective remedy. A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, only where the petitioner demonstrates that he "had no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251).[4] This Court lacks jurisdiction under

---

[4] For example, in Dorsainvil, the Third Circuit held that § 2255 was inadequate or ineffective for Dorsainvil's claim that he was imprisoned for conduct that the Supreme Court ruled in Bailey v. United States, 516 U.S. 137 (1995), was not a crime, where the Supreme

7

§ 2241 over Powell's challenge to his sentence and detention because the remedy under § 2255 is not inadequate or ineffective. See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent") (quoting Davis v. United States, 417 U.S. 333, 346 (1974)); Okereke, 307 F.3d 117; Cradle, 290 F.3d at 538.

To summarize, because this Court lacks jurisdiction to entertain Powell's challenge to his conviction and sentence, this Court will dismiss the petition.

### III. CONCLUSION

The Court dismisses the petition for lack of jurisdiction.

                            s/ Jerome B. Simandle
                            **JEROME B. SIMANDLE**
                            Chief Judge

Dated: **May 10**, **2013**

---

Court issued Bailey after Dorsainvil's § 2255 motion was denied on the merits and after the Third Circuit ruled that Dorsainvil could not meet either of the gatekeeping requirements under 28 U.S.C. § 2255(h) to authorize the filing of a second or successive § 2255 motion. See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent").

8